NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES WELFARE FUND, THE BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES PENSION FUND, and THE BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY ANNUITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE TERRAZZO FLOORING, INC.,<br><br>Defendant. | Civil Action No. 12-00524 (SRC)<br><br>OPINION & ORDER |

**CHESLER**, District Judge

This lawsuit is an ERISA action by which Plaintiffs[1] seek to compel Defendant Elite Terrazzo Flooring, Inc. ("Defendant") to submit to an audit of certain of Defendant's financial documents. (See Compl. ¶¶ 13-18.) Plaintiffs have now moved for summary judgment [Docket Entry 39], which requires Plaintiffs to "show affirmatively the absence of a genuine issue of material fact . . . on all the essential elements of [their] case on which [they bear] the burden of proof at trial . . . ." See In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)); Fed. R. Civ. P. 56(a). To that end, Plaintiffs argue, *inter alia*, that "there is no genuine issue of material fact in dispute

---

[1] The named Plaintiffs are the trustees of three benefit funds: the Teamsters Industrial Employees Welfare Fund; the Teamsters Industrial Employees Pension Fund; and the Trucking Employees of North Jersey Joint Annuity Fund.

as to whether [Defendant] was a signatory to [a Memorandum] of Agreement" that creates a collective bargaining agreement of which Plaintiffs are intended beneficiaries. (See Mov. Br. at 6.)

A review of the summary judgment record, however, reveals this conclusion to be incorrect; it follows that summary judgment is improper, and Plaintiffs' motion must be denied. One snippet of clarity in an otherwise opaque summary judgment record is that the parties genuinely dispute whether or not Defendant has executed the writing that would create the collective bargaining agreement Plaintiffs claim rights under. Plaintiffs produce a copy of a document they believe to be a Memorandum of Agreement sufficient to create a collective bargaining agreement. (See Valdner Aff., Ex. 1.) But Defendant's president has testified at deposition that she did not sign the Memorandum of Agreement upon which Plaintiffs base their entire case. (See Abrahamsen Cert., Ex. 4, at 10:16 to 11:17.) Where the veracity of a writing so integral to the case is in dispute, as it is here, summary judgment is entirely inappropriate.

Accordingly,

**IT IS** on this 15th day of January, 2014,

**ORDERED** that the motion for summary judgment filed by Plaintiffs [Docket Entry 39] be and hereby is **DENIED**.

                                                              s/ Stanley R. Chesler
                                                            STANLEY R. CHESLER
                                                           United States District Judge